## FLANIGAN AND CARPENTER v. FEURING.

A supplement to the Camden lien law extended the law over the whole city, and repealed the section which exonerated from the operation of the lien buildings built by contract, on filing the written contract in the county clerk's office: a second supplement repealed the repealing section of the first supplement; by this the exonerating section is revived, and extended, with the act, over the whole city.

This case was certified from the Circuit Court of the county of Camden, and arises upon a *scire facias* upon a lien filed in the office of the clerk of General Quarter Sessions of the city of Camden, under the Camden lien law, by the plaintiffs, against two three story frame dwelling houses, situate on the north side of Cooper street, between Fifth and Sixth streets, in the city of Camden, for lumber found and provided by said plaintiffs to Middleton and Brick, the builders and contractors in and about the erection of the said houses owned by the said William Feuring.

The declaration is filed against the said William Feuring,

the owner, and the said Middleton and Brick, the contractors, and is in the usual form.

The defendant, Feuring, severed, and pleaded, that the said buildings were erected by contract, &c., and that the said contract was filed, &c., in the clerk's office of Gloucester county, and also in the clerk's office of Camden county.

It is admitted that the lien is properly filed, and that the amount due thereon is $241.62, with legal interest on the same from the 6th day of August, 1845, and that the said houses are not in that part of the said city of Camden which was embraced in the Camden lien law at the time of its passage, and that the said contract has never been filed in the office of the clerk of General Quarter Sessions of the city of Camden. If the Supreme Court shall be of opinion that filing the contract did not discharge the buildings from liens (the said buildings not being situate in that part of said city embraced in the lien law at the time of its passage), or that the said contract was not filed in the proper office, then, in either case, judgment shall be rendered for the plaintiffs for the amount of their claim or lien, with costs, otherwise for the defendant, with his costs; and that either party have leave to turn this case into a special verdict, and bring a writ of error thereon within one term after judgment.

Argued, January Term, 1850, before the CHIEF JUSTICE, and CARPENTER and RANDOLPH, Justices.

*Dudley* and *Halsted,* for plaintiffs in error.

*Browning,* for defendant in error.

*Dudley* and *W. Halsted* for plaintiffs.

There are but two points which arise under the case, as certified. The first is, whether the fourth section of the act of 1820 (*Pam. Laws* 128) was revived by the repeal of the repealing clause. The fourth section of the act of 1820, generally designated as Sharp's lien law, was repealed by the second section of the act of 1830 (*Pam. Laws* 163), and when revived by the act of 1844 (*Pam. Laws* 177), it was revived precisely as it stood previous to its repeal. 21 *Pick.* 409; 2 *Metc.* 418;

12 *Co. R.* 7; 7 *Cow.* 576; 7 *Cranch.* 382. Previous to its repeal, it applied only to that part of Camden embraced in the provisions of the original act. The peculiar phraseology of the first section of the act of 1830, extending the operation of the act of 1830, shows that this construction must be given to those acts. A strict construction must be given to the acts, and the court should confine itself strictly to its language. If inconvenient, the result is not absurd. The intent is to govern, and the argument, *ab inconvenienti*, can only have weight when the construction is doubtful. Counsel cited *Smith on Statutory and Constitutional Construction* 628, 651, 909, &c.; 2 *Kent* 462; *Broom's Max.* 248; 1 *Chit. R.* 63, note; *Dwarris on Statutes* 708; 1 *Har. R.* 293; 21 *Pick.* 409; 2 *Metc.* 118; 12 *Co.* 7; 7 *Cow.* 536.

But, secondly, the contract was not filed in the proper office, and therefore the defence fails. The filing of the contract followed the filing of the lien, and the place of filing the former was therefore changed by implication. If, however, the judge below was right in his opinion on this point, under a strict construction of the acts, we insist that he is evidently mistaken on the first point.

*Browning,* contra.

The opinion of the court was delivered by

RANDOLPH, J. The plaintiffs were material men, who furnished lumber for Middleton and Brick to build, for Feuring, a house in that part of the city of Camden not embraced in the original lien law of 1820. The lien was filed with the clerk of the General Quarter Sessions of Camden, and the contract under which the building was erected was filed with the clerk of the Common Pleas of Gloucester county. The question for the court to determine is, whether this filing of the contract exempts the building, or its owner, Feuring, from the plaintiff's lien? The original lien law of February 25, 1820, (*Pam. Laws* 124) only applied to a particular portion of Camden, therein described, and the fourth section of that act directs, that whenever a building is erected " within

Flanigan and Carpenter v. Feuring.

the tract of land above described by contract, the payment, according to the terms of the contract, should fully discharge the building from all liens for work and materials, provided the said contract be in writing, and filed, *as aforesaid*, forthwith after the same shall have been made and executed." The term "as aforesaid" here refers to the filing with the clerk of the Common Pleas of Gloucester county. The act of February 19, 1830, (*Pam. Laws* 103) extends the lien law of 1820 to the whole city of Camden, but repeals its fourth section and such other parts as conflict with the act of 1830. The act of March 7, 1844, (*Pam. Laws* 177) directs that all liens "be thereafter filed and recorded with the clerk of the Quarter Sessions of the city of Camden, and repeals so much of the prior act as requires the *liens* to be filed with the clerk of the Gloucester Pleas, and also the second section of the act of 1831, which is the one that repeals the fourth section of the act of 1820, and which fourth section is, of course, thereby revived. The act of 1846 authorizes the *scire facias* to be issued out of the Camden, instead of the Gloucester Pleas. This is the state in which the statutes were when the case now under consideration arose; and in construing the acts, we must take them all in *pari materia*. These acts, then, direct that the lien be filed with the clerk of the Quarter Sessions of Camden, which is done accordingly in this case, and the *scire. facias* is also issued in accordance with the law. The entire act of 1820, including its fourth section, by the act of 1844, stands in full force, and, by the supplement of 1830, is extended to the whole city of Camden, including the place where the defendant's house is situated. Not only the lien is thus extended, but the fourth section is also extended, which discharges from the lien by filing the contract with the clerk of Gloucester county, which was done in the present case. The filing, then, the lien with the clerk of the Camden Sessions creates or fixes the lien on the premises, and the filing of the written contract with the clerk of Gloucester county, and fulfilling the same, discharged the house from the operation of the lien, so that neither it or its owner, Feuring, is at all liable to the plaintiffs

for the materials furnished the builders. Judgment must therefore be affirmed, with costs.

CARPENTER, J., in concurring in the decision, referred to his opinion delivered in the Circuit Court, which is annexed.

CAMDEN CIRCUIT COURT, May Term, 1848.

Flanigan and Carpenter v. Feuring and others. *Scire facias* on mechanics' lien.

The writ was against Feuring, owner, and Middleton and Brick, builders, to enforce a lien for materials furnished in and about the erection of two dwelling houses on Cooper street, in the city of Camden.

Feuring appeared, and pleaded that the houses were erected under written contract between the owner and the builders ; that the contract was duly filed, as directed by the statute (*not stating how filed and when*), and that payment was duly made according to contract, &c.

The plaintiffs demurred specially, for causes which will sufficiently appear in the opinion delivered by the court.

*Dudley*, for plaintiffs, *Browning* and *Jeffers*, for defendant.

CARPENTER, J. One objection, taken by the counsel of the plaintiffs, goes to the whole substance of the plea. It is said that the section of the act of 1820, in regard to buildings erected by contract, under which this plea has been framed, does not apply to all the land within the territorial limits of Camden, but that it still applies only to that part originally embraced within the provisions of that act. The first lien law, passed 25th February, 1820, (*Private Laws* 124) applied only to a particular tract of land, therein designated. This act gave a lien for work and labor done, and materials furnished, in and about the construction of houses, &c., within the limits to which the act applied, provided a claim should be duly filed in the clerk's office of Gloucester county, agreeably to its provisions. The fourth section then enacts, " that whenever, within the tract of land above described, any building shall be erected by contract, then, and in such case, payment, ac-

cording to such contract, by the owner or owners of the building to the contractor or contractors shall fully and entirely discharge such building from all lien for work done and materials furnished ; *provided*, the said contract be in writing, and filed, as aforesaid, forthwith after the same shall have been made and executed."

The city of Camden was incorporated by act of the 13th February, 1828, and its limits defined. It was soon thought expedient that the provisions of the lien law should apply to the extent of those territorial limits. By the act of 19th February, 1830, (*Pam. Laws* 103) it was enacted that the prior act, " except so far as altered by this act," should extend to, and operate upon all dwelling houses and other buildings erected within the limits of the city of Camden ; and, by the second section, the fourth section of the act of 1820 was repealed. Thus the law remained without any provision for the security of owners in case of buildings erected by contract, until the act of 7th March, 1844, (*Pam. Laws* 177) which required liens to be filed and recorded in the clerk's office of the Court of Quarter Sessions of Camden, and repealed the repealing section of the act of 1830, thus reviving the fourth section of the original act above referred to. It is contended that this, &c., the section thus revived, was revived precisely as it stood previous to the act of 1830, prior to which act it applied only to that part of Camden particularly described in the first act, and that, therefore, it does not reach the present case, the buildings in question not being within those limits. But the effect of the revival of an original act, or part of an act, by the repeal of a repealing clause, is not necessarily such as is supposed by counsel. The repeal of the repealing section undoubtedly revived the fourth section of the original act, and the two acts, which are *in pari materia*, then remain to be construed in connection with each other, as if the second section of the act of 1830 had never existed. Of consequence the entire act of 1820 became operative to the extent of the entire bounds of the city of Camden. There is nothing in the peculiar phraseology of the first section of the act of 1830 which militates against this construction. It would only be because

constrained by language which could not be overcome, that the court could adopt any other construction, for it cannot be presumed that the legislature intended to apply different rules to different portions of the same town, without any apparent reason for such distinction. The defendant, therefore, is entitled to the benefit of the fourth section of act of 1820, if his case in other respects will bring him within the scope of its provisions.

Under this view of the Camden lien law, and its supplements, it becomes necessary to consider the other objections to the plea.

Perhaps the conclusion of the plea, which is to the action, is somewhat informal; it should be "if the plaintiffs ought to have their *execution*," &c. Still, though informal, such conclusion will not vitiate. *Grey* v. *Jones,* 2 *Wils.* 251.

The same fourth section of the act of 1820, so often referred to, discharges the lien in case of buildings erected by contract, "*provided* the said contract be in writing, and *filed as aforesaid,*" that is to say, as claims are directed to be filed in the office of the clerk of the Inferior Court of Common Pleas of the said county of Gloucester, " forthwith after the same shall have been made and executed." If, then, the owner of buildings, so erected in the city of Camden, against which claims have been duly filed and recorded, intends to rely on this fourth section for protection, he must bring himself, in his plea, within its terms. He must set out the contract, and aver that it was filed forthwith after it was made and executed. He must aver the *time* when, and the *place* where filed, in order that it may appear to the court that the terms of that part of the statute have been complied with. The contract, so filed, becomes notice to those who may afterwards furnish lumber, &c., to contractors, and who might otherwise rely upon their supposed lien ; but it cannot be notice, unless filed when and as prescribed by the statute. This point is too plain to require additional remark, and the plea is therefore deficient in this respect, as well upon the proper construction of the statute as upon general principles applicable to all pleading.

The claim in this case was filed, and the contract made

subsequent to the act of 1844, by which act *liens* are directed to be filed and recorded in the office of the clerk of the Sessions at Camden ; and the counsel differ as to the place where the *contract* should be filed since that act.

The first section of the act of 1820, which gives the lien, required the *claim* to be filed in the office of the clerk of the Inferior Court of Common Pleas of the county of Gloucester. The fourth section, already referred to at large, required the contract to be in writing, and *filed as aforesaid*, that is to say, filed as the claims were required to be filed, and consequently in the same office. The act of 1844, which revived this fourth section, directed that all *liens* thereafter filed, pursuant to the act of 1820, should be filed *and recorded* in a book kept for that purpose in the office of the clerk of the Court of Quarter Sessions of the city of Camden ; but the writ of *scire facias* was still to issue out of the Court of Common Pleas of the county of Gloucester. This act changed the act of 1820 in two particulars : first, it required the liens (claims) to be filed in a different office from that first designated ; and secondly, it required those liens (claims) to be recorded ; but it was a provision which applied to claims alone : contracts therefore, it would seem, were not affected, and the rule with regard to them remained unchanged. If the place of filing was changed, the direction with regard to *recording* must also have applied, and the owner must then have forthwith filed and recorded his contract. But the act of 1844 went farther, it legislated expressly with regard to the fourth section, which it revived by repealing the repealing clause of the act of 1830, yet, thus operating on this very matter, it provides no new rule. I cannot resist the conclusion, that the place of filing the contract still remained as directed in the original act.

The new county of Camden was erected by the act of 13th March, 1844, (*Pamph. Laws* 237). Up to that time, and under the act of 7th March, 1844, I find nothing which requires the contract to be filed in the office before referred to in the city of Camden. In examining the act erecting the county of Camden, I am unable to find any provision by which the special directions of the lien law in regard to filing contracts

were even then controlled. Indeed, the construction contended for by the plaintiff's counsel has not placed him upon that act, but upon the prior act of 7th March, 1844. The county act does not, indeed, even prescribe any new rule in relation to writs of *scire facias* upon claims filed and recorded in Camden, and under this hasty and ill digested legislation it may be doubtful whether any action could have been had on liens so situated. The incongruity was at length seen, and by the act of the 29th January, 1846, (*Pamph. Laws* 4) it was made lawful to issue writs of *scire facias*, either out of the Circuit Court or the Inferior Court of Common Pleas of the county of Camden; and the act declared valid judgments previously obtained in the Camden Pleas on liens duly filed and recorded. Still even this act left the filing of contracts untouched, which still stood upon the fourth section of the original act, as revived by the act of 1844, which directed them to be filed, as claims were first directed to be filed, in the clerk's office of the county of Gloucester. And the addition was therefore made to the singularly incoherent legislation on this subject by the act of 17th April, 1846, (*Pamph. Laws* 171) which repealed the fourth section of the act of 1820, and, in terms, provided that in case of buildings erected by contract, in order for the protection of the owner, the contract should be *filed and recorded* in the clerk's office of the Quarter Sessions of Camden. This legislation was singular. It directed liens or claims to be filed in the clerk's office of a criminal court at Camden, while it directed writs of *scire facias* upon those liens, first and until 1846, to issue out of Gloucester Pleas, and then out of Camden Pleas or Camden Circuit Court; and it left the contracts having so important an operation to be filed in the clerk's office of Gloucester, even after the division of the county, until the passage of the act last referred to. I am anxious to give these acts such construction as will best subserve the intent with which they were passed; but still, after an attentive consideration, I am unable to come, in regard to them, to any other result.

Unless the defendant shall ask leave to amend, judgment will be for the plaintiffs.